IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FARM CREDIT OF NORTHWEST FLORIDA, ACA, | ) ) ) |
| Plaintiff, | ) Case No. 2:10-cv-962-MEF ) |
| v. | ) ) (WO- DO NOT PUBLISH) |
| WILLIAM R. MCKELVY, | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Plaintiff Farm Credit of Northwest Florida, ACA's ("Farm Credit") Motion for Summary Judgment, filed May 16, 2011. (Doc. # 17). The Defendant William McKelvy ("McKelvy") did not file a response to that motion. For the foregoing reasons, Farm Credit's Motion is due to be GRANTED.

**I. JURISDICTION AND VENUE**

The Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. Pursuant to 12 U.S.C. § 2258, Farm Credit is a citizen of the state of Florida, where its principal office is located. McKelvy is a citizen of Alabama. The parties do not assert that this Court lacks personal jurisdiction over them, and there is no dispute that venue is proper pursuant to 28 U.S.C. § 1391(a).

**II. LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 56(a), "a party may move for

summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought." A court presented with such a motion must grant it "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine dispute as to a material fact can only be found "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). According to the Supreme Court, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quotation omitted). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

After the movant satisfies this requirement, the burden shifts to "the adverse party [who] must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250 (quotation omitted). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material

facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  The Eleventh Circuit Court of Appeals has held that "[a]ll reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant, but an inference based on speculation and conjecture is not reasonable." *Blackston v. Shook & Fletcher Insulation Co.,* 764 F.2d 1480, 1482 (11th Cir. 1985) (citation omitted).

### III.  FACTUAL AND PROCEDURAL HISTORY

On April 14, 2008, McKelvy and Farm Credit executed a Note Modification Agreement ("the Note") with regard to a $3,716,387.98 debt that McKelvy owed Farm Credit.  The Note was secured by real property located in Montgomery and Lowndes Counties, Alabama.  At some time between April 14, 2008 and September 2, 2009, McKelvy defaulted on the Note by failing to make payments in accordance with the terms of the Note.  In response, Farm Credit accelerated the debt.

On September 2, 2009, Farm Credit completed valid foreclosure sales on the three properties securing the debt (collectively, the "Foreclosure Sale").  At the Foreclosure Sale, Farm Credit was the highest and only bidder for the property.  Farm Credit purchased the property for $3,246,816 (the "Total Bid Amount").[1]

On the date of the Foreclosure Sale, McKelvy owed Farm Credit $3,876,031.58 (the "Total Debt at Sale"). This amount included principal of $3,579,776.07; interest of

---

[1] This amount includes $333,120.00 for the property located solely in Lowndes County, and $1,050,764.58 and $1,862,931.96 for the properties located in both Montgomery and Lowndes Counties.  (Doc. # 17 Ex. 1, Attachments 2, 3, 4).

$181,255.50; default interest of $96,554.53; late fees of $5,000.00; miscellaneous fees and expenses, other than attorney's fees and expenses, of $2,000; and costs of collection, including attorney's fees and expenses of $11,445.48.

The Note provides that Farm Credit is entitled to collect and recover from McKelvy its costs of collection. Specifically, the Note provides that if Farm Credit "employs attorney(s) to collect the indebtedness evidenced by this note, or to enforce or preserve any rights provided herein . . . or suit filed hereon, or proceedings are had in bankruptcy or any other court . . . , then, [Farm Credit] shall also recover all costs and expenses, including attorneys' fees and legal expenses reasonably incurred in connection therewith." (Doc. # 17 Ex. 1, Attachment 1).  The $11,445.48 in legal fees included in the Total Debt at Sale amount includes fees incurred by Walston Wells & Birchall, LLP, and Stone Sumblin Law LLC.  Farm Credit had retained these firms to assist in collecting the debt McKelvy owed under the Note.

Pursuant to the terms of the Note, Farm Credit first applied the Total Bid Amount to the portion of the debt representing costs of collection, miscellaneous costs, late fees, interest, and default interest.  The remainder of the Total Bid Amount after these deductions, $2,950,561.03, was applied to the remaining principal.  McKelvy's debt was further reduced by $1,000 upon the redemption of his stock in Farm Credit.  Thus, after the Foreclosure sale on September 2, 2009 and stock redemption, McKelvy owed Farm Credit $628,215.04 (the "Deficiency Amount as of Sales Date").

Under the Note, interest continues to accrue on any deficiency at the rate of 5.5% plus 4% default interest per annum. Farm Credit is entitled to recover interest accrued and any costs of collection incurred as of the September 3, 2009 Foreclosure Sale.

In June 2010, Farm Credit sold a portion of the property to a third-party at a price less than the purchase price. Because the sale price was less than the amount Farm Credit paid for the property at the Foreclosure Sale, McKelvy is not entitled to a set-off. Farm Credit is only required to apply *profits* from a third-party sale to the remaining, outstanding debt. *See e.g.*, *Springer v. Baldwin Cnty. Fed. Sav. Bank*, 597 So. 2d 677 (Ala. 1992). In other words, McKelvy's deficiency is not reduced by the amount that Farm Credit received in the June 2010 sale.

On November 10, 2010, Farm Credit filed suit against McKelvy. (Doc. # 1). The complaint included one count of breach of contract and one count of money had and received.[2] On May 16, 2011 Farm Credit filed a motion for summary judgment to which McKelvy did not respond. (Doc. # 17).

---

[2] To prevail on a claim of money had and received under Alabama law, Farm Credit must establish that McKelvy holds money that, in equity and good conscience, belongs to Farm Credit. *See Mitchell v. H & R Block, Inc.*, 783 So.2d 812, 817 (Ala.2000). Money had and received is an equitable remedy inconsistent with the undisputed fact that a valid contract exists in this case. In any event, Farm Credit can not recover on both its breach of contract claim and its money had and received claim. Accordingly, this Court will only analyze the breach of contract claim when adjudicating this motion for summary judgment.

## IV.  DISCUSSION

Under Alabama law, the elements of a claim for breach of contract are (1) a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages. *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105-06 (Ala. 2002).  The elements of a valid contract include "'an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract.'" *Ex parte Grant*, 711 So. 2d 464, 465 (Ala. 1997) (quoting *Strength v. Ala. Dep't of Fin.*, 622 So. 2d 1283, 1289 (Ala.1993).  There is no dispute that the Note is a valid contract and that Farm Credit performed its obligations under the Note.  McKelvy's default and subsequent failure to pay the accelerated debt evinces his failure to perform his obligations as set out in the Note.   The existence of a deficiency after the Foreclosure Sale establishes that Farm Credit suffered damages as a result of McKelvy's breach.  Therefore, on the record before this Court, Farm Credit has satisfied its initial burden of establishing a prima facie case for breach of contract.

The burden now shifts to McKelvy to produce specific evidence demonstrating a genuine factual issue for trial.  McKelvy has failed to respond to Farm Credit's motion for summary judgment, and therefore has not carried his burden under Rule 56.  Accordingly, Farm Credit is entitled to judgment as a matter of law on its breach of contract claim.

Such a judgment will include the remaining amount of principle, interest accrued

since the September 2, 2009 Foreclosure Sale at 5.5% per annum, default interest accrued since the Foreclosure Sale at 4% per annum, and the costs of collection incurred since the Foreclosure Sale.  A separate final judgment representing Farm Credit's total damages will be entered in this case.

## V.  CONCLUSION

For the reasons stated above, it is hereby ORDERED as follows:

1. The Plaintiff's Motion for Summary Judgment (Doc. # 17) is GRANTED.

2. All remaining deadlines and hearings in this matter including the August 18, 2011 pretrial and the September, 19 2011 trial shall be TERMINATED.

DONE this the 23rd day of June, 2011.

                                                              /s/ Mark E. Fuller
                                        UNITED STATES DISTRICT JUDGE